IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:20-CR-04070-BCW |
| | ) | |
| | ) | |
| ARTIS JAMES ROSS, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Pending before the Court is defendant Artis James Ross' Motion to Suppress Evidence. (Doc. 36). The Government has filed its response in opposition. (Doc. 42). No reply brief was filed and the time to do so has expired. The Court held a hearing on this matter on November 23, 2021. (Doc. 47). The issue is now ripe for consideration. For the reasons that follow, it is recommended that the motion be DENIED.

## I. Findings of Fact

On the basis of the evidence presented at the evidentiary hearing, the Court submits the following proposed findings of fact:

1. Trooper William Grose has eight years of law enforcement experience. (Tr. 3:9-17). He is currently employed with the Missouri State Highway Patrol. (Tr. 3:6-8).

2. At 7:03 p.m. on March 23, 2020, Trooper Grose observed a maroon Mercury Cougar traveling in the left lane of US-50 Highway in Pettis County, Missouri. (Tr. 4:2-17, 5:2-11). US-50 Highway is a four-lane highway, with two lanes in each direction. (Tr. 21:2-6).

3. Trooper Grose followed the vehicle for 3.7 miles. (Tr. 5:15-17, 6:7-8). The vehicle continued to travel in the left lane without slowing down or activating a left turn signal. (Tr. 6:9-15).

4. Trooper Grose stopped the vehicle. (Tr. 6:16-7:3).

5. After approaching the vehicle, Trooper Grose observed Mr. Ross in the driver's seat and smelled alcohol on his breath. (Tr. 7:11-8:1).

6. Trooper Grose asked Mr. Ross to exit his vehicle. (Tr. 8:3-6). Trooper Grose began to administer a field sobriety test but did not complete the test because he did not believe it was safe to continue. (Tr. 8:15-23).

7. Mr. Ross then submitted to a breath test. (Tr. 9:1-3). He had a blood alcohol content of .224. (Tr. 9:4-5).

8. Corporal Craig arrived at the scene to assist Trooper Grose. (Tr. 9:6-8).

9. As the officers began to arrest Mr. Ross for driving while intoxicated, he pulled away and fled on foot. (Tr. 9:9-18).

10. The officers tackled him nearby and placed him under arrest. (Tr. 9:13-18).

11. The officers searched the area where Mr. Ross was tackled and discovered a Glock, Model 35, .40 caliber pistol with a fully loaded magazine. (Tr. 9:19-24).

## II. Discussion

On August 19, 2020, Mr. Ross was indicted by a federal grand jury for being a felon in possession of a firearm. (Doc. 1). Mr. Ross filed his Motion to Suppress Evidence on October 4, 2021, challenging the constitutionality of the traffic stop. (Doc. 36).

### A. Legal standard

"A traffic stop constitutes a seizure and must be supported by probable cause or reasonable suspicion." *United States v. Marin*, 988 F.3d 1034, 1040 (8th Cir. 2021) (quoting *United States v. Gordon*, 741 F.3d 872, 876 (8th Cir. 2013)). "[A]ny traffic violation, regardless of its perceived severity, provides an officer with probable cause to stop the driver." *United States v. Washington*, 455 F.3d 824, 826 (8th Cir. 2006) (quoting *United States v. Jones*, 275 F.3d 673, 680 (8th Cir. 2001)) (emphasis omitted). The Missouri statute governing traffic lane violations mandates that:

> All vehicles in motion upon a highway having two or more lanes of traffic proceeding in the same direction shall be driven in the right-hand lane except when overtaking and passing another vehicle or when preparing to make a proper left turn or when otherwise directed by traffic markings, signs or signals.

Mo. Ann. Stat. § 304.015.6 (West 2010). Officers must have an objectively reasonable basis "for believing that the driver has breached a traffic law" like the Missouri statute described above. *Washington*, 455 F.3d at 826 (quoting *United States v. Thomas*, 93 F.3d 479, 485 (8th Cir. 1996)).

If the officer does not have probable cause, the exclusionary rule, which is a judicially prescribed remedial measure, will prohibit "the use of improperly obtained evidence at trial." *Martinez Carcamo v. Holder*, 713 F.3d 916, 922 (8th Cir. 2013) (quoting *Herring v. United States*, 555 U.S. 135, 139 (2009)). The exclusionary rule governs "evidence later discovered and found to be derivative of an illegality or 'fruit of the poisonous tree.'" *United States v. Tuton*, 893 F.3d 562, 568 (8th Cir. 2018) (quoting *Segura v. United States*, 468 U.S. 796, 804 (1984)).

### B. The officer had probable cause to stop Mr. Ross.

Mr. Ross maintains that Trooper Grose did not have reasonable suspicion or probable cause when he stopped Mr. Ross' vehicle, which constituted a violation of Mr. Ross' constitutional rights. (Doc. 36 at 2-5).

The Court recommends a finding that the traffic stop was, in fact, supported by probable cause because the objective facts available to Trooper Grose led him to believe that Mr. Ross violated § 304.015.6. The Missouri statute mandates that on a four-lane highway, like US-50 Highway, all vehicles should travel in the right lane, except when "overtaking and passing another vehicle or when preparing to make a proper left turn…" Mo. Ann. Stat. § 304.015.6 (West 2010). There was an objectively reasonable basis for believing Mr. Ross violated this traffic law. *See Washington*, 455 F.3d at 826. Mr. Ross remained in the left lane but was not passing any other vehicles. It also appears that he was not making a left turn because he did not activate his left turn signal or slow down before Trooper Grose initiated the traffic stop. Trooper Grose, after observing Mr. Ross commit a traffic violation, had probable cause to initiate the traffic stop.[1] Therefore, the Court recommends denying the Motion to Suppress Evidence as to Mr. Ross' first argument.

### C. The evidence obtained from the traffic stop does not constitute fruit of the poisonousness tree.

Mr. Ross maintains that his statements to officers and the recovered firearm are "fruit of the poisonous tree." (Doc. 36 at 5). This Court recommends denying the Motion to Suppress Evidence as to Mr. Ross' second argument because there was probable cause to stop his vehicle. Therefore, the firearm and his statements are not "derivative of an illegality or 'fruit of the poisonous tree.'" *Tuton*, 893 F.3d at 568 (quoting *Segura*, 468 U.S. at 804).

---

[1] Mr. Ross references *State v. Mendoza*, 75 S.W.3d 842 (Mo. Ct. App. 2002), to support his argument that he did not violate the traffic law. (Doc. 36 at 3-5). However, *Mendoza* is distinguishable from the instant case. In *Mendoza*, the defendant moved into the left lane to avoid an officer's car parked on the right shoulder and then quickly moved back into the right lane once he passed the vehicle. 75 S.W.3d at 846. The court in *Mendoza* found that traveling in the left lane to pass a parked vehicle does not violate § 304.015.6. *Id.* Therefore, the court held that there was not probable cause to initiate the traffic stop because the defendant did not violate the statute. *Id.* Conversely, there is an objectively reasonable basis for believing that Mr. Ross violated the statute when he traveled in the left lane for 3.7 miles and there was no indication that he was passing another vehicle, parked or moving, or making a left turn.

### III. Conclusion

For the foregoing reasons, IT IS RECOMMENDED that the District Judge, after making an independent review of the record and applicable law, enter an order DENYING Defendant Artis James Ross' Motion to Suppress Evidence.

Counsel are reminded that each party has fourteen (14) days from the date of receipt of a copy of this Report and Recommendation within which to file and serve objections. A failure to file and serve objections by this date shall bar an attack on appeal of the factual findings in the Report and Recommendation that are accepted or adopted by the District Judge, except on the grounds of plain error or manifest injustice.

Dated this 23rd day of November 2021, at Jefferson City, Missouri.

*Willie J. Epps, Jr.*

Willie J. Epps, Jr.
United States Magistrate Judge